GAIDRY, J.,
concurring.
hi concur in the per curiam opinion, but believe that the trial court’s judgment should be affirmed on the merits. The policy language is unambiguous in excluding coverage for the intentional or criminal *130 acts or omissions of any “insured person.” Brandon Barger was the minor dependent son of the named insureds and resided with them. He was thus an “insured person” as defined in the policy.
The public policy of this state has long been that an intentional tortfeasor should not be allowed to insure his intentional wrongful acts and thereby elude ultimate personal responsibility for them. The mere fact that the liability of the parents of a minor tortfeasor is vicarious does not in any way negate the rationale for that public policy. This conclusion is self-evident from the parallel policy underlying the strict liability of parents for the torts of their minor children. See La. C.C. art. 2318. The basis for imposition of such liability on parents is their right and duty to control the behavior of their minor children. If parents could be said to “reasonably expect” that them liability insurer would assume financial ^responsibility for their child’s intentional delictual acts, or even crimes, then the parents would have even less incentive to regulate their child’s behavior. (Irresponsible parents might even encourage such behavior on the part of their child, or use their child to commit intentional acts on their behalf, secure in the belief that their insurer would “pick up the tab.”) Directive No. 152 does not explicitly address the issue of vicarious liability for intentional acts, as opposed to negligence, and cannot logically be read as establishing or recognizing a new public policy contrary to the longstanding public policy supporting an “intentional acts” exclusion in a liability policy.